DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1915.

---

City of Chicago, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

### Gen. No. 20,137.

MUNICIPAL CORPORATIONS, § 867*—*when finding as to violation of ordinance not sustained.* In a prosecution for violation of Chicago Code 1911, sec. 2210, requiring street cars to be so ventilated that the carbonic acid present in the air therein shall not exceed ten parts in each ten thousand parts of air, where the evidence showed that a ventilating system in use on cars operated by another company in Chicago met the requirements of the ordinance, a finding of not guilty was *held* erroneous, the trial court having held as a proposition of law that the ordinance was reasonable and having found that it had been violated, the finding of not guilty evidently having been based upon the theory that the violation was not intentional and that defendant had done its best to comply with the ordinance.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed March 11, 1915.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WILLIAM H. SEXTON and JAMES S. McINERNEY, for plaintiff in error; ULYSSES S. SCHWARTZ, of counsel.

No appearance for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

This is a writ of error sued out by the City of Chicago, hereinafter referred to as the plaintiff, upon a judgment of the Municipal Court discharging the Chicago City Railway Company, hereinafter referred to as the defendant, in a prosecution for violation of section 2210 of the Chicago Code for 1911, entitled "Comfort and Safety of Passengers." Section 2210 provides as follows:

"Comfort and Safety of Passengers: It shall not be lawful for any person or corporation owning, leasing or operating any street railway cars or steam railroad cars, which run from point to point within the City of Chicago, either on elevated, surface or subway lines, to permit any car to be used or operated on any of the public streets or ways of said city unless the following conditions are complied with:  *  *  *

" (c) The car shall be so ventilated that the amount of air entering the car for ventilation, through openings provided for such purpose, shall be at the rate of three hundred and fifty cubic feet for each passenger per hour, based on the maximum carrying capacity (seats and standing room included) of such car; provided, however, that the carbonic acid present in the air of the car shall not exceed ten parts in each ten thousand parts of air.  *  *  *"

Section 2211 provides a penalty for violation of section 2210 as follows:

"Penalty: Any person, firm, company or corporation who shall be guilty of violating any of the provisions of the preceding section shall be fined not less than twenty-five dollars nor more than one hundred dollars for each car operated in violation of this law, and each day of the operation of such car shall be considered a separate offense."

The case was tried without a jury. The bill of particulars on the part of the plaintiff charged that on February 13th the defendant operated four certain cars, wherein there was present in the air at a certain hour, when samples of the air were taken, carbonic acid in excess of ten parts to each ten thousand parts of air in the car. Upon the trial, testimony in support of the allegations in the bill of particulars was introduced.

In meeting the proof of plaintiff, defendant submitted the testimony of its mechanical superintendent, who testified to certain devices installed on cars for the purpose of complying with the city ordinance. The defense evidently was based upon the theory that the system employed by defendant was all that could be reasonably expected of it in its attempt to comply with the city ordinance. In rebuttal, however, plaintiff put on the stand Dr. E. V. Hill, ventilating inspector in charge of the city sanitation for the health department, who testified that more efficient ventilating systems were being used in other cars operated in Chicago, which kept the amount of carbonic acid down to the minimum provided in the city ordinance.

The court found that there was a violation of the ordinance as set forth in plaintiff's bill of particulars, and held as a proposition of law that the ordinance, the violation of which was complained of in this case, was reasonable; notwithstanding this, however, the court found the defendant not guilty.

No brief was filed nor argument made on behalf of the defendant; and it is only from the brief of the plaintiff that we infer that the court must have acted upon the theory, that there was no intentional violation of the ordinance, and that the defendant had done its best to comply with the provisions thereof.

The evidence showed that there was another ventilating system in use in Chicago on cars other than those operated by the defendant, whereby the require-

ments of the ordinance were complied with. The record fails to disclose any good reason why defendant should not have similarly equipped the cars in question. While the testimony of the defendant might have been considered by the court in mitigation of the penalty, it was not of such a character as to have warranted a complete exoneration. We are therefore of the opinion that the court erred in finding the defendant not guilty.

The judgment of the Municipal Court will be reversed and the cause remanded.

*Reversed and remanded.*